# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
GIOVANNI SEMINERIO,               *
as father and natural guardian of, *
V.S., a minor,                    *      No. 13-745V
                                  *      Special Master Christian J. Moran
              Petitioner,         *
                                  *      Filed: September 6, 2016
v.                                *
                                  *
SECRETARY OF HEALTH               *      Stipulation; pneumococcal conjugate
AND HUMAN SERVICES,               *      vaccine ("PCV"); mastocytosis.
                                  *
              Respondent.         *
* * * * * * * * * * * * * * * * * * *
```

<u>Michael A. London</u>, J Douglas & London, P.C., New York, NY, for Petitioner;
<u>Ann D. Martin</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On September 2, 2016, the parties filed a joint stipulation concerning the petition for compensation filed by Giovanni Seminerio, as father and natural guardian of V.S., on July 6, 2015. In his petition, petitioner alleged that the pneumococcal conjugate vaccine ("PCV"), which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which V.S. received on December 22, 2010, caused him to develop a large abnormal mass/rash around the injection site, which was subsequently diagnosed as mastocytosis. Petitioner further alleges that V.S. experienced residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of V.S. as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that V.S.'s vaccine(s) caused a large abnormal mass/rash around the injection site, mastocytosis, or any other injury or condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"). This represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-745V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GIOVANNI SEMINERIO, as father and natural guardian of V.S., a minor, ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN ) SERVICES, ) ) Respondent. ) ) | No. 13-745V<br>Special Master Moran<br>ECF |

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his son, V.S., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to V.S.'s receipt of the pneumococcal conjugate vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. V.S. received pneumococcal conjugate, diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenza b ("Hib"), inactivated poliovirus ("IPV") and rotavirus vaccines on December 22, 2010.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the pneumococcal conjugate vaccine, which was administered in V.S.'s right thigh, caused him to develop a large abnormal mass/rash around the injection site, which was subsequently diagnosed as mastocytosis. Petitioner further alleges that V.S. experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of V.S. as a result of his condition.

6. Respondent denies that V.S.'s vaccine(s) caused a large abnormal mass/rash around the injection site, mastocytosis, or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. §300aa-15(a):

> An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a.   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

  b.   Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

  c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

  d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of V.S., pursuant to which the Life Insurance Company will agree to make payments periodically to V.S. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

> Beginning October 20, 2034, $13,001.47 payable annually for a period of ten (10) years certain only.

The payments provided for in this paragraph 10 shall be made as set forth above. Should V.S. predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of V.S.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of V.S. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and as legal representative of V.S., on behalf of himself, V.S., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or

in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of V.S. resulting from, or alleged to have resulted from, the vaccinations administered on December 22, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about September 26, 2013, in the United States Court of Federal Claims as petition No. 13-745V.

17. If V.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that pneumococcal conjugate and/or DTaP and/or Hib and/or IPV and/or rotavirus vaccines caused V.S. to suffer a large abnormal mass/rash around the injection site, mastocytosis, or any other injury or condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of V.S.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*

GIOVANNI SEMINERIO

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

MICHAEL A. LONDON, ESQ.
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Tel: (212) 566-7500

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: 9-2-16

7