# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
GIOVANNI SEMINERIO,              *
as father and natural guardian of, *
V.S., a minor,                   *    No. 13-745V
                                 *    Special Master Christian J. Moran
          Petitioner,            *
                                 *    Filed: August 18, 2017
v.                               *
                                 *
SECRETARY OF HEALTH              *    Attorneys' fees and costs.
AND HUMAN SERVICES,              *
                                 *
          Respondent.            *
* * * * * * * * * * * * * * * * * * *
```

<u>Michael A. London and Virginia Anello</u>, Douglas & London, P.C., New York, NY, for Petitioner;
<u>Ann D. Martin</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS[1]**

On April 26, 2017, petitioner Giovanni Seminerio, as father and natural guardian of V.S., moved for final attorneys' fees and costs. **He is awarded $26,497.52.**

On September 26, 2013, Mr. Seminerio filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 through 34, alleging the pneumococcal conjugate vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), and which V.S. received on December 22, 2010, caused him

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

to develop a large abnormal mass/rash around the injection site, which was subsequently diagnosed as mastocytosis.  The undersigned issued a decision awarding compensation to Mr. Seminerio, on behalf of V.S., based on the parties' stipulation.  Decision, 2016 WL 5791230 (Sept. 6, 2016).

Because Mr. Seminerio received compensation, he is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  The unresolved question is what is a reasonable amount of attorneys' fees and costs?  Mr. Seminerio seeks a total of $29,355.02 ($24,575.00 in attorneys' fees and $4,780.02 in costs).

\*     \*     \*

To determine reasonable attorneys' fees under the Vaccine Act, the Federal Circuit has approved the lodestar approach.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, the court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

For attorneys' fees, Mr. Seminerio seeks reimbursement for work by attorneys, Virginia Anello and Michael London, as well as paralegals.  For work in this case, Ms. Anello has charged $350.00 per hour for 2013 through 2017.  In support of this rate, Ms. Anello cited the "Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015 – 2016" and presented an affidavit outlining her education and experience.  Pet'r's Fee Appl'n, filed Apr. 26, 2017, exhibit D.  Throughout various stages of the case, Ms. Anello received assistance from a partner at the firm, Michael London.  Mr. London charged $375 per hour for work performed in 2012 through 2017.

The Secretary did not interpose any objection to the proposed rates.  Additionally, the rates for Ms. Anello and Mr. London have been previously awarded.  Kong v. Sec'y Health & Human Servs., No. 14-145V, 2016 WL 2927304 (Fed. Cl. Spec. Mstr. June 6, 2017).  Thus, the proposed rates are reasonable.

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Here, small adjustments to Ms. Anello's invoice are required. Ms. Anello has billed attorney rates for paralegal activities, such as ordering medical records. Ms. Anello has also billed attorney rates for secretarial tasks, such as downloading orders. See Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 406 F. Appx 479 (Fed. Cir. 2011). Finally, Ms. Anello's invoice contains vague entries, such as "email with client" without specifying the topic of discussion. See Avgoutis v. Shinseki, 639 F.3d 1340, 1343 (Fed. Cir. 2011). A 10 percent reduction in Ms. Anello's fee is a reasonable estimate to account for these modifications.

Lastly, Mr. Seminerio seeks reimbursement for paralegals in the amount of $762.50. However, one of the paralegals performed clerical work that should not have been charged. This recalculation results in a deduction of $600.00.

Overall, a reasonable amount of attorneys' fees is $21,717.50.

In addition to seeking attorneys' fees, Mr. Seminerio seeks an award of costs for his counsel. Most of the costs are relatively routine, such as costs for medical records retrieval, mailings, and photocopies. The remainder of costs concern amounts billed for mediation and mediation-related expenses such as travel and accommodations. All costs are reasonable, documented, and awarded in full. In compliance with General Order No. 9, Mr. Seminerio submitted a signed statement attesting that he did not incur any reimbursable costs or expenses in pursuit of his claim.

*   *   *

The undersigned finds an award of attorneys' fees and costs appropriate. Accordingly, the court awards:

> **A lump sum of $26,497.52 in the form of a check made payable to petitioner and petitioner's attorney, Michael London, of Douglas & London, P.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.